People v Strong (2025 NY Slip Op 06453)

People v Strong

2025 NY Slip Op 06453

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

801 KA 22-01548

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
J'SON STRONG, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered July 25, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from two judgments, each convicting him, upon his plea of guilty during a single plea proceeding, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As defendant contends, and the People correctly concede, defendant's waivers of the right to appeal are invalid (see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Motell, 229 AD3d 1330, 1330-1331 [4th Dept 2024], lv denied 43 NY3d 931 [2025]). Contrary to defendant's contention, however, his sentence is not unduly harsh or severe.
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court